IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No. 8:23-0798-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Krista Perry, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Defendant Krista Perry's ("Perry") pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons below, the court denies her motion.

**I. BACKGROUND**

On February 6, 2024, Perry pled guilty to one count of conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), pursuant to a written plea agreement. (Plea Agreement, ECF No. 203); (Guilty Plea, ECF No. 206.) At sentencing, on May 14, 2024, the court departed from the advisory Guidelines range of 110 to 137 months' imprisonment and imposed a 38-month sentence, to be followed by a three-year term of supervised release. (J., ECF No. 291.) Perry did not appeal her conviction and sentence.

On September 25, 2024, Perry filed the instant motion for compassionate release. (Mot. Sentence Reduction, ECF No. 304.) She requests that the court compassionately release her to allow her to care for her terminally ill father. (Id., ECF No. 304.) The Government opposes Perry's motion, contending that she has failed to demonstrate extraordinary and compelling reasons justifying relief. (Gov't Resp. 7-8 ECF No. 311.) Perry filed a reply on December 3, 2024. (Reply, ECF No. 319.)

1

## II. Legal Framework

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The compassionate-release statute, however, authorizes a court to reduce a defendant's sentence if, after considering the 18 U.S.C. § 3553(a) factors, it finds that (1) "extraordinary and compelling reasons" warrant a reduction and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A).

The "applicable policy statement[]" reiterates the statutory requirements, with the additional requirement that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2); see also U.S.S.G. Supp. to App. C, Amend. 814, Reason for Amendment (effective Nov. 1, 2023) ("extend[ing] the applicability of the policy statement to defendant-filed motions"). The policy statement then enumerates six categories of "extraordinary and compelling reasons" that may justify compassionate release: (1) the defendant's medical circumstances, (2) the defendant's advanced age, (3) the defendant's family circumstances, (4) the defendant's status as a "victim of abuse," (5) any other reasons that are "similar in gravity" to the first four categories, and (6) certain changes in law if the defendant has served ten years of an "unusually long sentence" and the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(1)-(6). Under the policy statement, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason" but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. § 1B1.13(d).

At the final step of the compassionate-release analysis, the court considers the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," deter crime, protect the public from the defendant's future criminal conduct, and provide the defendant with needed "correctional treatment"; (3) "the kinds of sentences available"; (4) the Guidelines sentencing range; (5) certain policy statements issued by the Sentencing Commission; (6) "the need to avoid unwanted sentence disparities among" similarly situated defendants; and (7) the need for victim restitution. Id. § 3553(a).

### III. Discussion

Perry argues that extraordinary and compelling reasons exist under U.S.S.G. § 1B1.13(b)(3) because she wishes to care for her terminally ill father. (Mot. Sentence Reduction, ECF No. 304.) Section 1B1.13(b)(3)(C) provides that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may constitute an extraordinary and compelling reason for a sentence reduction. While the court empathizes with Perry's desire to care for her father, she has failed to show that she is the only available caregiver for him. In seeking compassionate release, Perry "bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021).

Prior to her sentencing in May 2024, Perry, through counsel, submitted a motion for downward variance, arguing for a sentence reduction in part due to her father's illness. The court considered this factor in fashioning a sentencing for Perry.

3

At the time of Perry's sentencing, her father submitted a letter indicating that he was living independently and reported that he has two other children who cannot care for him due to their job and family obligations. Perry also submitted an "after visit summary" from her father's March 4, 2024 medical visit providing a general medical problem list. (Mot. Variance 5 and Ex. 1, ECF No. 274.) Perry's father further noted that while Perry has assisted with attending doctor's appointments, preparing meals, and with medication management, Perry is an admitted serious methamphetamine addict. (Id., ECF No. 274-1.) Notably, Perry's bond was revoked because of several positive drug tests for methamphetamine and in one instance, submitting non-human urine in an attempt to evade testing. (Order, ECF No. 212.)

In addition, on November 13, 2024, the court issued an order granting Perry's motion for additional time to file information in support of her motion and extending the deadline to submit information until November 29, 2024. (Order, ECF No. 314.) On December 2, 2024, Perry's father submitted a letter reiterating that Perry helped take care of him prior to her incarceration and that his other children are unable to assist in his care. (Ltr., ECF No. 318.) In addition, Perry's father provided another medical "after visit summary" from his August 5, 2024 medical visit that again generally lists his medical problems. (Id., ECF No. 318.) On December 3, 2024, Perry submitted a reply restating that her siblings have family and work obligations, and her father's condition is declining. (Reply, ECF No. 319.) Based on the record before the court, Perry has failed to show that her father is incapacitated or that she is an available caregiver, much less the only available caregiver for her father.

Further, her efforts toward rehabilitation, while commendable, cannot serve as a stand-alone basis for a sentence reduction. 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

*Second*, even if Perry could show extraordinary and compelling reasons warranting relief, the court would still deny her motion because the applicable § 3553(a) factors weigh strongly against compassionate release. Perry has a long history of significant methamphetamine addiction. As noted above, while on bond in this case, she tested positive for methamphetamine numerous times, despite knowing that it could result in the revocation of her bond. (Order Bond Revocation, ECF No. 212.) Moreover, as requested by Perry, the court recommended that she be considered for the Residential Drug Abuse Program during her incarceration. (Sentencing Mem. 7, ECF No. 274; J., ECF No. 291.) Perry is currently enrolled in this program, and continued participation and completion of this program is important considering her significant addiction issues. (Mot. Compassionate Release, ECF No. 304.) In addition, Perry has a significant criminal history with numerous convictions, involving theft and drugs. (PSR ¶¶ 27-51.) The Presentence Investigation Report notes that she had a total criminal history score of 26 and a criminal history category of VI. (PSR ¶ 54.) Further, Perry has only served a fraction of her 38-month sentence, having served approximately one year. Perry was convicted of a serious drug offense in this case. The court, taking into consideration numerous factors, including her father's health, imposed a well-below-Guidelines sentence of 38 months' imprisonment. Reducing her sentencing would not "reflect the seriousness of [her] offense," "promote respect for the law," "provide just punishment," or "afford adequate deterrence." 18 U.S.C. § 3553(a)(2)(A)-(B); see also United States v. Thompson, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who ha[ve] already served the lion's share of their sentences").

In denying Perry's motion, the court recognizes that she has undertaken educational opportunities during her incarceration. (Mot. Compassionate Release, ECF No. 304.) While the

5

court applauds Perry for any strides she has made towards rehabilitation, her efforts do not alter the court's conclusion that her 38-month sentence remains "sufficient, but not greater than necessary," to achieve the statutory goals of sentencing. 18 U.S.C. § 3553(a).

## IV. Conclusion

For the foregoing reasons, Perry's motion for compassionate release, docket number 304, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 3, 2024

## NOTICE OF RIGHT TO APPEAL

Perry is hereby notified that she has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.